IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE EDUARDO SERRANO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-3091-RDR |
| ROBERT F. ACKLEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a civil rights action brought by the plaintiff, proceeding pro se, who is an inmate at Hutchinson Correctional Facility (HCF) against five officials at HCF pursuant to 42 U.S.C. § 1983. Plaintiff contends that the defendants violated his constitutional rights when they took various actions regarding his confinement at HCF. The defendants are Robert F. Ackley, Elizabeth E. Mascorro, James E. Bedard, J.W. Martin, Jr., and Steven M. Schneider. This matter is presently before the court upon defendants' motion to dismiss.

I.

Plaintiff, proceeding pro se, filed his complaint on May 6, 2011. The complaint contains three counts. Plaintiff alleges that the defendants subjected him to retaliatory conduct, deliberate indifference, and violations of due process and equal protection. In Count 1, he asserts that he was retaliated against for exercising his First Amendment rights to utilize the prison grievance system. He contends that defendants Ackley and Bedard took certain actions to retaliate against him after he filed certain grievances. In Count

2, he alleges that defendant Mascorro engaged in deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment. He asserts that she told defendant Mascorro about the threats made by defendant Ackley and, in not addressing them, she acted with deliberate indifference because she was waiting for the "consummation of threatened injury." In Count 3, plaintiff alleges that defendants Schneider and Martin violated his due process and equal protection rights under the Fourteenth Amendment. He contends that defendant Schneider failed to properly handle the grievances that he submitted. He asserts that defendant Martin violated various rules in his handling of disciplinary hearings. He requested damages from each defendant in the amount of $50,000. He also sought (1) reprimands be issued to each of the defendants found to be at fault; (2) a transfer to a more "comfortable facility like a minimum custody facility of my agreement," and (3) expungement of disciplinary reports that occurred as a result of these events. At the time of the filing of his complaint, he also filed a motion for temporary restraining order and preliminary injunction.

On August 22, 2011, plaintiff filed a motion to strike his motion for TRO and preliminary injunction. This motion was granted on September 8, 2011.

On September 8, 2011, Judge Crow directed that a Martinez report be prepared by officials at HCF so that plaintiff's claims could be

2

processed properly.  A Martinez report was filed on June 4, 2012.

The defendants filed the instant motion on June 19, 2012.  In its motion, the defendants contend that (1) they are entitled to sovereign immunity for all claims against them in their official capacities; (2) they are entitled to qualified immunity because there was no violation of plaintiff's constitutional rights; and (3) plaintiff has failed to exhaust his administrative remedies.

In response, plaintiff raised several arguments. He suggested that the court should construe defendants' motion as one brought pursuant to Fed.R.Civ.P. 12(c), not Fed.R.Civ.P. 12(b)(6).  He further contended that the defendants were misusing the information contained in the Martinez Report.  Finally, he argued that he had properly stated a claim in each of the counts of the complaint.

II.

The court shall initially consider plaintiff's contention that the defendants' motion should be construed as one for judgment on the pleadings pursuant to Rule 12(c).  The court disagrees.  The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the court.  Bushnell Corp. V. ITT Corp., 973 F.Supp. 1276, 1281 (D.Kan. 1997).  Such a motion may be made only after the pleadings are closed.  See EEOC v. W.H. Braum, Inc., 347 F.3d 1192 (10th Cir. 2003).  Thus, a defendant

3

may not move under Rule 12(c) prior to filing an answer. Since the defendants have not filed answers in this case, a motion for judgment on the pleadings would be inappropriate here. The court shall consider the defendants' motion as one for failure to state a claim under Rule 12(b)(6). Nevertheless, the distinction between Rule 12(c) and Rule 12(b)(6) is one without difference, as the standards under the two provisions are the same. See Ward v. Utah, 321 F.3d 1263, 1266 (10th Cir. 2003).

The standards for the use of a Martinez report were set forth by Judge Crow in Gunn v. Steed, No. 10-3213-SAC, 2012 WL 1327795, * 1 (D.Kan. April 17, 2012)(footnote omitted) as follows:

> The purpose of a Martinez report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." Breedlove v. Costner, 405 Fed.Appx. 338, 343 (10th Cir.2010) (unpublished), cert. denied, 131 S.Ct. 2162 (2011)(citing Hall, 935 F.2d at 1109). The court does not, however, accept the factual findings from the prison investigation in the report when plaintiff has presented conflicting evidence. Id. (citing Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir.1992); Green v. Branson, 108 F.3d 1296, 1302 (10th Cir.1997). In considering a dispositive motion, a Martinez report is treated like an affidavit. The Court likewise treats the pro se prisoner's complaint, when sworn and made under penalty of perjury, as an affidavit.

The court will utilize the Martinez report in this manner in considering the defendants' motion.

III.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint.... Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1223-24 (10th Cir.2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (clarifying and affirming Twombly's probability standard). "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" Bean v. Norman, No. 008-2422, 2010 WL 420057, at *2, (D.Kan. Jan. 29, 2010)(quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)).

Although a pro se litigant's pleadings are to be liberally construed, plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

IV.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This Amendment shields state officials, acting in their official capacities, from claims for monetary relief. See Hill v. Kemp, 478 F.3d 1236, 1255-56 (10th Cir. 2007), cert. denied, 552 U.S. 1096 (2008). However, a claim for injunctive relief may, in some circumstances, proceed against such official in his or her official capacity. Id. Whether the Eleventh Amendment provides immunity on a claim for injunctive relief depends upon whether the relief sought is truly prospective. Id. at 1258-59. If the relief sought is actually retrospective, then the Eleventh Amendment bars it. Id.

Thus, to the extent that monetary relief is sought from the defendants in their official capacities, the Eleventh Amendment shields them from liability. However, a review of plaintiff's complaint reveals that he is seeking prospective injunctive relief. He has requested, <u>inter alia</u>, that his disciplinary files be expunged. Such a request is prospective injunctive relief and it precludes the application of the Eleventh Amendment against the defendants. See <u>Wolfel v. Morris</u>, 972 F.2d 712, 719 (6th Cir. 1992) (finding that expungement of disciplinary records, based upon punishment imposed in violation of First Amendment, awarded only prospective relief since, "[a]s a practical matter, the district court's order merely prevents the prison system from considering the discipline imposed in this case as part of the inmates' records in the future."); <u>Elliott v. Hinds</u>, 786 F.2d 298, 302 (7th Cir. 1986)(concluding that injunctive relief, consisting of expungement of personnel records, "is clearly prospective in effect and thus falls outside the prohibitions of the Eleventh Amendment"). Accordingly, this aspect of the defendants' motion to dismiss shall be denied to the extent that plaintiff seeks prospective, injunctive relief.

V.

The defendants next contend that they are entitled to qualified immunity, as to each of plaintiff's claims that are directed at them in their individual capacities, because plaintiff cannot demonstrate

7

any violation of his constitutional rights and, in any event, since it was not reasonably clear, at the time that the events occurred, that they were violating plaintiff's rights.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). A plaintiff must also provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights. Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996).

Having carefully reviewed the allegations contained in plaintiff's complaint and the arguments of the parties, the court is persuaded that plaintiff has failed to state a claim upon which relief can be granted on two of his claims--Count 2 and a portion of Count 3. In Count 2, plaintiff alleges that defendant Ackley told him that if he filed another grievance, he would get the SWAT team with the dogs and "sick (sic) them on you." He further alleges that when he complained about this threat, defendant Mascorro met with him to discuss defendant Ackley's "communication style." During this meeting, she told him that it was defendant Ackley's style to "zing" inmates.

8

A prison official's failure to prevent harm "violates the Eighth Amendment only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, the prison official's act or omission must be "objectively, sufficiently serious" and "result in the denial of the minimal civilized measure of life's necessities.... [T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. (quotation marks and citations omitted). Second, the "prison official must have a sufficiently culpable state of mind," in this case "deliberate indifference to inmate health or safety." Id. (quotation marks omitted). Deliberate indifference requires actual knowledge of the risk to inmate safety. See id. at 837.

The court finds that plaintiff's allegations are insufficient to show deliberate indifference. The complaint does not contain enough facts to show that the vague threat he received, without more, posed a substantial risk of serious harm to him. More significantly, plaintiff has not adequately alleged that any of the defendants acted with deliberate indifference to his safety. To the contrary, he alleges that defendant Mascorro met with him and told him that defendant Ackley's threat was without any basis.

Finally, in Count 3, plaintiff alleges that defendant Schneider returned his grievances and refused to assign numbers to them. He asserts that such actions by defendant Schneider violated his rights

9

to due process and equal protection under the Fourteenth Amendment. The court finds that this allegation fails to state a claim upon which relief can be granted. As noted by Judge Crow in Brown v. Denning, No. 08-3043-SAC, 2008 WL 3822717 at * 3 (D.Kan. Aug. 13, 2008):

> "Prisoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights. Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances." Wilson v. Horn, 971 F.Supp. 943, 947 (E.D.Pa.1997), aff'd, 142 F.3d 430 (3d Cir.1998) (Table).
> See also Baltoski v. Pretorius, 291 F.Supp.2d 807, 811 (N.D.Ind.2003)(dismissing claims that corrections officers violated plaintiff's rights by failing to respond to his complaints, noting "the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy")( citation omitted ). Plaintiff's right to petition the government for redress is the right of access to the courts, and that right is not presumed to be compromised by the refusal or failure of prison officials to entertain a grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991). Accordingly, plaintiff's claims regarding defendants' alleged failure to follow grievance procedures, failure to respond to his grievances, and failure to provide grievance forms when plaintiff requested them are subject to being summarily dismissed as stating no claim for relief.

In accord with Brown, the court shall dismiss Count 3 for failure to state a claim upon which relief can be granted. See also Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

As to the other claims, the court finds it necessary to convert defendants' motion to dismiss into a motion for summary judgment so the court can consider matters outside the pleadings. Plaintiff

shall be allowed up to and including August 30, 2013 in which to file a response to defendants' motion to dismiss. In doing so, plaintiff must file a response that complies with D.Kan.Rule 56.1(b). He must "begin with a section containing a concise statement of material facts as to which (he) contends a genuine issue exists." Each fact that plaintiff claims is in dispute must be numbered and "refer with particularity to those portions of the record upon which (plaintiff) relies." He is also required to abide by subsection (d) of Rule 56.1, which provides:

> All facts on which a motion or opposition is based must be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories, and responses to requests for admissions. Affidavits must be made on personal knowledge and by a person competent to testify to the facts stated that are admissible in evidence. Where facts referred to in an affidavit or declaration are contained in another document that is not already a part of the court file, a copy of the relevant document must be attached.

Id. Defendants may file a reply within the time prescribed by D.Kan. Rule 6.1(d)(2).

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 43) be hereby granted in part and denied in part as set forth in foregoing memorandum. With these dismissals, the court shall dismiss defendants Mascorro and Schneider from this action. The remainder of the motion shall be converted to a motion for summary judgment. Plaintiff shall have until September 13, 2013 to file a

response to the motion. The remaining defendants may then file a reply within the time limits of D.Kan. Rule 6.1(d)(2).

**IT IS SO ORDERED.**

Dated this 16th day of August, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge