# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSE EDUARDO SERRANO,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 11-3091-RDR<br>) |
| **ROBERT F. ACKLEY, et al.,** | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On August 19, 2013, the court issued a memorandum and order after considering defendants' motion to dismiss. The court dismissed some of plaintiff's claims and some of the defendants and converted the remainder of defendants' motion to a motion for summary judgment. The court allowed plaintiff until September 13, 2013 to file a response to the motion. This time period has passed and the court has heard nothing from plaintiff. The court shall now consider plaintiff's remaining claims under summary judgment standards. In evaluating the remaining claims, the court shall consider the earlier arguments made by plaintiff in response to the motion to dismiss.

I.

Plaintiff, proceeding pro se, filed his complaint on May 6, 2011. The complaint contained three counts. Plaintiff alleged that the defendants subjected him to retaliatory conduct, deliberate indifference, and violations of due process and equal protection. In Count 1, he asserted that he was retaliated against for exercising

his First Amendment rights to utilize the prison grievance system. He contended that defendants Ackley and Bedard took certain actions to retaliate against him after he filed certain grievances. In Count 2, he alleged that defendant Mascorro engaged in deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment. He asserted that he told defendant Mascorro about the threats made by defendant Ackley and, in not addressing them, she acted with deliberate indifference because she was waiting for the "consummation (sic) of threatened injury." In Count 3, plaintiff alleged that defendants Schneider and Martin violated his due process and equal protection rights under the Fourteenth Amendment. He contended that defendant Schneider failed to properly handle the grievances that he submitted. He asserted that defendant Martin violated various rules in his handling of disciplinary hearings. He requested damages from each defendant in the amount of $50,000. He also sought (1) reprimands be issued to each of the defendants found to be at fault; (2) a transfer to a more "comfortable facility like a minimum custody facility of my agreement," and (3) expungement of disciplinary reports that occurred as a result of these events.

In the order of August 19th, the court dismissed Count 2 and a portion of Count 3. Thus, the following claims remain pending: (1) Count 1--defendants Ackley and Bedard violated plaintiff's First Amendment rights by retaliating against him after he filed certain

2

grievances; and (2) Count 3--defendant Martin violated his equal protection and due process by failing to follow appropriate rules and procedures for several disciplinary hearings.

II.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement of a genuine issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Essentially, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. See Anderson, 477 U.S. at 256. A party opposing a properly supported motion for

summary judgment may not rest on mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial.  Id.  Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  See id.  The court must consider the record in the light most favorable to the nonmoving party.  See Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984), cert. denied, 469 U.S. 1214 (1985).  The court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."  Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

## III.

The court has thoroughly examined the Martinez report that was filed in this case.  The following facts are either uncontroverted or viewed in the light most favorable to the plaintiff.  On February 7, 2011, Corrections Officer Collins removed excess toilet paper from plaintiff's cell at HCF.  Plaintiff completed a grievance form and submitted it to Corrections Counselor Keith Anderson but it was returned because plaintiff had not complied with the grievance procedure that required him to attempt to resolve the issue informally within the unit.

4

On February 9, 2011, plaintiff's cell was searched by defendant Ackley and some of plaintiff's property was confiscated or destroyed pursuant to regulations. Defendant Ackley wrote a disciplinary report about plaintiff's possession of unauthorized property. During the course of the search, plaintiff contends that defendant Ackley warned him that if he submitted another grievance defendant Ackley would bring in Special Security and K-9's. Ackley has stated that he was unaware of plaintiff's prior grievance when he conducted the search of plaintiff's cell on February 9th. Plaintiff sent another grievance to the Warden as an emergency grievance on February 9th. Plaintiff's mother contacted Corrections Counselor Anderson on February 10th, and questioned him about plaintiff's grievances and shakedowns.

On February 18, 2011, a disciplinary hearing was held regarding the property seized from plaintiff by defendant Ackley. The hearing officer was defendant Martin. After reviewing ownership records that would not have been available to defendant Ackley at the time of the seizure, plaintiff was found not guilty. The property seized was returned to plaintiff.

On March 26, 2011, during the noon meal, defendant Bedard observed plaintiff eating a regular meal after he had eaten a vegetarian meal on the prior day. After reviewing the special diet list and noting that plaintiff was listed as a vegetarian, defendant

5

Bedard questioned plaintiff about the discrepancy.  Plaintiff said that the food service personnel had given him that meal.  Defendant Bedard issued plaintiff a disciplinary report for taking the wrong type of meal.

On March 27, 2011, plaintiff was directed by defendant Ackley to leave the cell house for the noon meal.  Plaintiff failed to do so and argued with defendant Ackley about the correct meal designation.  Defendant Ackley issued him a disciplinary report for disobeying orders.  During the same exchange, plaintiff told defendant Ackley that he had received the regular tray the day before because the food service supervisor checked his identification card and determined that he was not on the vegetarian list.  Defendant Ackley consulted the food service supervisor and learned that plaintiff's account was not correct. Defendant Ackley issued plaintiff another disciplinary report for lying about the incident.

Plaintiff was added to the vegetarian diet list on October 26, 2010.  He signed a request on March 20, 2011 to be removed from the vegetarian diet list and be returned to the regular diet.  The implementation of this request takes approximately 10 days.  The food service company in charge of meals at HCF, Aramark, sent an e-mail to an administrative assistant at HCF on March 29, 2011 indicating that plaintiff would be removed from the vegetarian diet effective March 30, 2011.

The disciplinary hearings arising from the aforementioned disciplinary reports were eventually held on April 12, 2011. They were continued due to the illness of an officer. Defendant Martin, the disciplinary hearing officer, considered the evidence and determined that plaintiff was not guilty of the report initiated by defendant Ackley for disobeying orders. He, however, determined that plaintiff was guilty of taking the wrong meal and lying about that incident. He was sentenced to fourteen days of disciplinary segregation, thirty days loss of privileges and $15.00 for each infraction. Plaintiff appealed the findings of defendant Martin, but the findings were upheld.

Plaintiff and his family contacted KDOC staff and complained about defendant Ackley's search of his cell and his disciplinary reports. These complaints were reviewed by Mark Mora, a member of the Enforcement, Apprehensions and Investigations Unit. Mora met with plaintiff and defendant Ackley, interviewed other inmates and staff, and reviewed records of searches that had been undertaken by defendant Ackley. He determined that plaintiff's complaints of harassment were not substantiated by either testimony or documentation.

Donald McKenna, a security officer at HCF, reviewed the searches defendant Ackley conducted from January 2011 through February 2011. He found that defendant Ackley had conducted 35 searches between

7

January 27, 2011 and February 24, 2011 which resulted in some property being taken. The only time during that period that defendant Ackley searched plaintiff or his cell and seized property was February 9, 2011.

IV.

A. Count 1

In Count 1, plaintiff makes three allegations. First, he contends that defendant Ackley retaliated against him by searching his cell and seizing certain property on February 8, 2011, after he filed a grievance on February 7, 2011. Second, plaintiff contends that defendant Ackley wrote disciplinary reports after he filed a grievance on March 27, 2011. Third, he alleges that defendant Bedard conspired with defendant Ackley to testify at a disciplinary hearing on April 12, 2011 that he did not write a disciplinary report based upon defendant Ackley's instruction.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. . . . However, an inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Fogle v. Pierson, 435 F.3d 1252, 1263-64 (10th Cir. 2006)(quotations and citations omitted). Likewise, a prisoner is not free from the normal conditions of confinement merely because the prisoner has engaged in protected activity. Peterson

v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).

Retaliatory conduct against a party for the exercise of First Amendment rights is shown by proving: (1) the plaintiff was engaged in constitutionally protected conduct; (2) the defendant's acts caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing that conduct; and (3) the defendant's action was substantially motivated by the plaintiff's protected conduct. Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007). An action is adverse if it "would chill a person of ordinary firmness from engaging in protected activity in the future." Strope v. McKune, 382 Fed.Appx. 705, 710 n. 4 (10th Cir. 2010)(quoting Mallard v. Tomlinson, 206 Fed.Appx. 732, 737 (10th Cir. 2006)). The causal connection element requires a prisoner to "show that a retaliatory motive was the but-for cause of the challenged adverse action." Strope, 382 Fed. Appx. at 710 (citing Peterson, 149 F.3d at 1144). To prevail on a retaliation claim, a convicted person "must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Peterson, 149 F.3d at 1144 (emphasis in original). Mere allegations of constitutional retaliation will not suffice. Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

The record simply fails to support plaintiff's First Amendment claims. Initially, plaintiff has failed to show that defendant

9

Ackley's retaliation was the but-for cause of the seizure of the property from his cell on February 9th. "Where the nonmovant will bear the burden of proof at trial on a dispositive issue,. . .he must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence, as a triable issue, of an element essential to that party's case in order to survive summary judgment." Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999). Plaintiff has failed to meet his burden in this case. Because plaintiff has not shown a triable issue with respect to the fact that his property would not have been seized but for defendant's retaliation, and he bears the burden of proof at trial on this element, summary judgment is appropriate.

Next, plaintiff has failed to demonstrate that defendant Ackley wrote the disciplinary reports on March 27, 2011 in retaliation for plaintiff's filing of a grievance on the prior day. Plaintiff has not shown that he filed any grievance on March 26, 2011 or March 27, 2011. There is no record of any grievance filed by plaintiff on or about the dates of the disciplinary reports filed by defendant Ackley on March 27, 2011. Accordingly, plaintiff has failed to show that he engaged in any constitutionally protected activity in a time period reasonably near to the time of the alleged retaliatory conduct. Moreover, with regard to the first disciplinary report, the court finds that plaintiff suffered no adverse action since he

was found not guilty of disobeying orders. See Horstkotte v. N.H. Dept. of Corrs., 2010 WL 1416790 at * 4 (D.N.H. 2010)(inmate found not guilty of disciplinary charge did not suffer adverse action for purposes of § 1983 retaliation claim under the First Amendment). With respect to the second disciplinary report, plaintiff has failed to establish that a causal connection exists between the adverse action and his protected conduct, as plaintiff was found guilty of lying about the meal he had obtained the prior day. See Walker v. Campbell, 2011 WL 6153104, at *7 (W.D.Pa. Oct. 31, 2011)("The filing of a prison disciplinary report is not actionable under 42 U.S.C. § 1983 as prohibited 'retaliation' unless the report is, in fact, false. In other words, the finding of guilt of the underlying misconduct charge satisfies a defendant's burden of showing that he would have brought the misconduct charge even if plaintiff had not [engaged in protected conduct]."); Hynes v, Squillace, 143 F.3d 653, 657 (2nd Cir. 1998)(affirming summary judgment where record demonstrated that the prisoner in fact committed the most serious, if not all, of the prohibited conduct charged in the misbehavior report, and thus the defendants met their burden of demonstrating proper, non-retaliatory reasons for filing the misbehavior report); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir.1994) (a finding of guilt of a prison rule violation based on some evidence "essentially checkmates [the] retaliation claim."). Accordingly, defendant Ackley is also

entitled to summary judgment on this claim.

Finally, the court turns to final First Amendment claim asserted by plaintiff. He contends that defendant Bedard conspired with defendant Ackley to testify at the disciplinary hearing that he did not issue the disciplinary report at the direction of defendant Ackley. There is no evidence in the record to support plaintiff's claim of a conspiracy between defendant Bedard and defendant Ackley. Moreover, plaintiff has made no showing that the disciplinary reports issued by either defendant Bedard or Ackley were false. The record as well as the subsequent findings of guilt demonstrate that the disciplinary reports were proper.

B. Count 3

Plaintiff contends that defendant Martin mishandled the disciplinary hearings, specifically those where he was found guilty. Defendant Martin argues that he is entitled summary judgment on this claim because the record shows that plaintiff was given due process and because this claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). Plaintiff counters that Heck and Edwards do not apply here due to the application of Muhammad v. Close, 540 U.S. 749 (2004).

The court initially finds that the record demonstrates that plaintiff received due process during the disciplinary hearings. Plaintiff has failed to show that any defects in the hearings

constituted denial of due process. Nevertheless, even if a due process claim remained, we would find that it is barred by Heck and Edwards.

In Heck, the Supreme Court recognized that damages may not be recovered in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487. The same principle allies when a prisoner raises § 1983 claims challenging the validity of a disciplinary conviction. Edwards, 520 U.S. at 643.

Plaintiff argues, however, that Heck does not bar his claim in light of Muhammad. But, plaintiff has misinterpreted Muhammad. Muhammad held Heck is inapplicable only when a prisoner's § 1983 action does not threaten his "conviction or the duration of his conviction." Muhammad, 540 U.S. at 751. Plaintiff has suggested that his claim does not threaten the validity of his disciplinary convictions. We must disagree. Plaintiff clearly seeks to expunge these disciplinary convictions. Actions under § 1983 to expunge disciplinary convictions are barred by Heck because the grant of this

13

relief would necessarily invalidate the disciplinary convictions. See Walters v. Guilfoyle, 68 Fed.Appx. 939, 940-41 (10th Cir. 2003); see also Johnson v. Livingston, 360 Fed.Appx. 531, 532 (5th Cir. 2010). Accordingly, defendant Martin is entitled to summary judgment on this claim.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 43), which the court has now converted to a motion for summary judgment, be hereby granted. Judgment shall be granted to the defendants and against the plaintiff on all remaining claims as set forth in the foregoing memorandum.

**IT IS SO ORDERED.**

Dated this 24th day of September, 2013, at Topeka, Kansas.

*s/ Richard D. Rogers*
United States District Judge